IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00943-BNB

EARL CROWNHART,

      Applicant,

v.

JUDGE DISTER,

      Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 7 2007

GREGORY C. LANGHAM
CLERK

_____

ORDER DIRECTING APPLICANT TO FILE
AN AMENDED APPLICATION

_____

      Applicant, Earl Crownhart, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  Originally, Mr. Crownhart filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  On May 18, 2007, Mr. Crownhart filed a Notice of Appeal and a Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action. Subsequent to filing the Application and the Notice of Appeal, on May 31, 2007, Applicant filed a Prisoner Complaint form, in which he appears to challenge his recent arrest and incarceration.

      The Court must construe the Application and Complaint liberally because Mr. Crownhart is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the Court will disregard the Prisoner Complaint filed on May 31, 2007, and direct Mr. Crownhart to file an Amended Application.

Mr. Crownhart's filings fail to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

A state prisoner may challenge the execution of his sentence under § 2241. In the instant action and in both the Complaint and the Application, Mr. Crownhart, however, appears to be challenging the validity of his conviction in a Colorado state criminal proceeding. If Mr. Crownhart has been convicted in state court and believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in this Court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Regardless of the statutory authority for his claims, Mr. Crownhart must demonstrate that he has exhausted state remedies before he may raise his claims in

federal court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The Court also notes that Mr. Crownhart filed a habeas corpus action in Case No. 07-cv-00854-BNB. The claims in both the instant action and in Case No. 07-cv-00854-BNB, to the extent the Court is able to determine Mr. Crownhart's claims, appear to challenge the same conviction. The instant action will be subject to dismissal as repetitive and frivolous if the Court determines, upon review of the Amended Application, that the claims are the same.

Although Mr. Crownhart has failed to comply with Rule 8, he will be given an opportunity to file an Amended Application on a proper form and to clarify his claims and the steps he has taken to exhaust his state court remedies.

Applicant also must take notice that the properly named respondent in a § 2254 action is the warden of the facility where he is incarcerated, not the judge who presided over his criminal proceeding or the attorney who represented him in his criminal proceeding. Accordingly, it is

ORDERED that Mr. Crownhart file **within thirty days from the date of this Order** an Amended Application that complies with the Order. It is

3

FURTHER ORDERED that the Clerk of the Court mail to Mr. Crownhart, together with a copy of this Order, two copies of the Court-approved form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that if Mr. Crownhart fails within the time allowed to file an Amended Application as directed the Application will be denied and the action will be dismissed without further notice.

DATED June 27, 2007, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00943-BNB

Earl Crownhart
Prisoner No. 113771
FCF - CH 6 Lower - Cell H-10
PO Box 999
Cañon City, CO 81215- 0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on _6/27/07_

GREGORY C. LANGHAM, CLERK

By: _____

Deputy Clerk